CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
12/12/2019
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

UNITED STATES OF AMERICA,

v.

JAMIE LEE REEVES,

*Defendant.*

CASE NO. 6:02-cr-70045

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

This matter is before the Court on Defendant Jamie Lee Reeves's Motion to Reduce Sentence Pursuant to the First Step Act of 2018. Dkt. 43. Defendant contends that he is "Immediate Release Eligible." This Court concludes that Defendant has not demonstrated entitlement to a reduction in his sentence, and therefore Defendant's First Step Act Motion will be denied.

## Background

On April 16, 2002, Defendant was charged in a one-count indictment with distributing five or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Dkt 45 at 3; Dkt. 43 at 1.

On June 20, 2002, the Government filed an Information providing notice of a sentencing enhancement based on Defendant's prior record. Dkt. 45 at 3; Dkt. 43 at 1. The 21 U.S.C. § 851 enhancement increased the minimum penalty for Defendant's offense to ten years' incarceration, and minimum term of supervised release to eight years. Dkt. 45 at 3, 9–10; Dkt. 43 at 1.

On July 29, 2002, Defendant pleaded guilty with the benefit of a plea agreement to the one count of distributing five or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Dkt. 45 at 3; Dkt. 43 at 1. The plea agreement stipulated to a drug weight of 12.1 grams of cocaine base. *Id.*

On October 24, 2002, this Court sentenced Defendant to ten years' imprisonment (the statutory minimum), to be followed by eight years' supervised release (the statutory minimum). Dkt. 45 at 9–10; Dkt. 43 at 1; *see* Dkt. 16; Dkt. Entry (Oct. 24, 2002) (reflecting terms of Defendant's sentence).

Defendant served his sentence. And on February 17, 2011, Defendant was released from the custody of the Bureau of Prisons and began his eight-year term of supervised release. Dkt. 43 at 2–3; Dkt. 41-1 at 1. But on August 1, 2014, Defendant was indicted in Lynchburg Circuit Court for possession of cocaine, and, after he pleaded not guilty, that court found him guilty and sentenced him on April 29, 2015 to one year and three months' incarceration. Dkt. 42; Dkt. 41-1 at 1.

Subsequently, on March 4, 2015, Defendant was charged in Lynchburg Circuit Court with three counts of cocaine distribution (3d or subsequent offense), with offense dates of November 20, 2013, February 6, 2014, and February 11, 2014. Dkt. 41-1 at 2. On November 28, 2017, Defendant pleaded guilty to three lesser charges of cocaine distribution; Defendant was sentenced to one year of incarceration on each count, with all such sentences to run consecutively. Dkt. 42.

On December 6, 2017, Defendant's probation officer petitioned this Court to revoke Defendant's term of supervised release on account of these violations of his mandatory terms of supervised release. Dkt. 41-1. Defendant admitted guilt to violating mandatory terms of supervised release, and on December 14, 2018, this Court revoked Defendant's term of supervised release and imposed a sentence of 24 months' incarceration, to run consecutively to any state-imposed sentence of incarceration. Dkt. 42.

As of the issuance of this Memorandum Opinion, Defendant is currently incarcerated. The Federal Bureau of Prisons website calculates his release date will be July 20, 2020. *See also* Dkt. 57 at 2.

On February 1, 2019, Defendant filed a motion seeking a reduction in sentence pursuant to the First Step Act. Dkt. 43. On February 4, this Court ordered the Government to respond (Dkt. 44), and, after two motions for extension of time, the Government responded on March 24, 2019 (Dkt. 52). On June 24 and November 21, 2019, Defendant filed two Notices of Supplemental Authority, the second of which cited the Fourth Circuit's decision in *United States v. Venable*, 943 F.3d 187 (4th Cir. 2019), which resolved one of the primary questions at issue in this case, namely, whether this Court had imposed a sentence for "a covered offense" within the meaning of the First Step Act. The Government has since filed a Notice of Supplemental Authority acknowledging the Fourth Circuit's holding in *Venable* and "retract[ing] its previous position regarding the applicability of the First Step Act of 2018 to defendants serving terms of incarceration following a revocation of supervised release." Dkt. 58 at 1. However, the Government argues that the Court should decline to exercise its discretion to reduce Defendant's sentence. Dkt. 58. Defendant's First Step Act Motion (Dkt. 43) is fully briefed and ripe for decision.

## Legal Framework

Section 404(b) of the First Step Act, the provision under which Defendant seeks relief, states that:

> Defendants Previously Sentenced.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. The First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by [S]ection 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *Id.* § 404(a), 132 Stat. at 5222. A later provision, Section 404(c), further states that "[n]othing in

this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c), 132 Stat. at 5222. A district court's decision whether to afford relief to an eligible defendant under the First Step Act is a discretionary one. *United States v. Wirsing*, 943 F.3d 175, 186 (4th Cir. 2019).

Modifications of sentences pursuant to the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), which states that "[t]he court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *See also Wirsing*, 943 F.3d at 183 ("We hold that § 3582(c)(1)(B) is the appropriate vehicle for a First Step Act motion."). And, in determining a defendant's eligibility under § 3582(c)(1)(B), a court "must look to the applicable statute to determine 'the extent' to which modification is 'expressly permitted by [that] statute.'" *Wirsing*, 943 F.3d at 185 (quoting 18 U.S.C. § 3582(c)(1)(B)).

## Covered Offense

This Court will first consider whether Defendant has committed a "covered offense," within the meaning of the First Step Act.

Defendant argues at the outset that his offense of conviction is a "covered offense" because (1) the offense was committed before August 3, 2010, and (2) the statutory penalties that Defendant was subject to at the time of sentencing were modified by the Fair Sentencing Act. Dkt. 53 at 1–2. Defendant contends that, if the Fair Sentencing Act had been in effect at the time he committed his offense of conviction, not only would he not have been subject to a mandatory minimum sentence of ten years, he would not have been subject to any mandatory minimum sentence at all. Dkt. 53 at 2 (citing the increased mandatory minimum threshold requirements of 21 U.S.C. §§ 841(b)(1)(A)–(B), raising it for a five-year mandatory minimum sentence from 5 grams to 28

grams of cocaine base; and for a ten-year mandatory minimum sentence from 50 grams to 280 grams).

In its original response, the Government disagreed, arguing that the relevant offense here is Defendant's sentence imposed upon revocation of his supervised release. The Government argued that the First Step Act has no application to sentences imposed on supervised release revocations, and that this Court lacks jurisdiction to reduce his sentence. Dkt. 52 at 2–3. The Government's rationale proceeded as follows: (1) a court imposes a revocation sentence pursuant to 18 U.S.C. § 3583—not 21 U.S.C. § 841(b); (2) the Fair Sentencing Act did not affect the penalties for sentences imposed pursuant to 18 U.S.C. § 3583, as it did for 21 U.S.C. § 841(b); and, accordingly (3) Defendant is not serving a sentence on a "covered offense," as defined in the First Step Act. Dkt. 52 at 2–3.

As the parties' Notices of Supplemental Authority acknowledge (Dkt. 57, 58), the Fourth Circuit's recently-published decision in *United States v. Venable*, 943 F.3d 187 (4th Cir. 2019), resolves this issue in Defendant's favor. In that case, the Fourth Circuit considered whether the First Step Act authorized a reduction in the defendant's sentence when "he had completed his original term of imprisonment and was currently in custody following revocation of supervised release." *Id.* at 188.

The Fourth Circuit's analysis in *Venable* was guided by the "unitary sentence framework," which recognizes "custodial and supervised release terms as components of one unified sentence." *Id.* at 193–94. Applying that framework, the court concluded that "Venable's revocation sentence is a component of his underlying original sentence for the drug conviction." *Id.* at 194. And, "given that Venable's revocation sentence is part of the penalty for his initial offense," the Fourth Circuit held that Venable was "still serving his sentence for a 'covered offense' for purposes of the First

Step Act." *Id.* A district court therefore has authority to consider a motion for a sentence reduction at that later point in time, as if the defendant were still serving the original custodial sentence. *Id.*

In this case, there is no dispute that Defendant's underlying conviction is for a "covered offense" under the First Step Act. *See* Dkt. 58 at 1–2; Dkt. 57 at 1; Dkt. 52 at 2–3. Since Defendant is serving a revocation sentence that is part of the penalty for that initial offense and drug conviction, he is still serving a sentence for a "covered offense" for First Step Act purposes.

### Consideration of Request to Modify Defendant's Sentence

The fact that this Court has the *authority* to consider Defendant's request to modify his sentence does not end the inquiry—the question remains whether Defendant has demonstrated that he is *entitled* to a reduced sentence under the First Step Act. *See Venable*, 943 F.3d at 194 (distinguishing between the court's holding that a district court had authority to resentence a defendant, and whether the defendant was entitled to the exercise of such authority).

Defendant contends that a reduction of his sentence is appropriate and consistent with the purposes of the Fair Sentencing Act, *i.e.*, to "reduce[] the statutory penalties for cocaine based offenses" such as to "alleviate the sentencing disparity between crack and powder cocaine." Dkt. 53 at 2–3 (quoting *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016)); *see, e.g.*, Dkt. 57 at 1–2; Dkt. 53 at 2–4.

Defendant's argument proceeds as follows. If the Fair Sentencing Act had been in effect when Defendant was sentenced: (1) there would not have been any statutory mandatory minimum term of imprisonment, while there was a ten-year mandatory minimum when he was sentenced; (2) there would be a statutory maximum of 25 years of imprisonment, while there was a statutory maximum of life imprisonment when he was sentenced; (3) Defendant's advisory guideline range

would have been 30–37 months,[1] rather than 70–87 months (which was bumped up to the statutory mandatory minimum of ten years) when he was sentenced; and (4) had this Court sentenced Defendant to even the high end of that guideline range, he would have been sentenced to 37 months rather than 120 months, and thus, he overserved his sentence by 63 months. Dkt. 53 at 2–3; *see also* Dkt. 56 at 5.

Defendant's argument has several more steps, since he already was released from prison from his original custodial sentence, and then, while on supervised release, Defendant was indicted on and found guilty of one charge of cocaine possession, and three charges of cocaine distribution. As a result of his violation of a mandatory term of supervised release, this Court revoked his supervised release and imposed a revocation sentence of 24 months' imprisonment. *See* Dkt. 42.

Defendant argues that a sentence reduction pursuant to the First Step Act is still warranted in these circumstances, because he "has … overserved his 2002 sentence by 63 months—which is more than the 60-month maximum sentence that he would then be able to receive for a supervised release violation. If [Defendant's] sentence were reduced, as requested, his over-served time would be applied to his revocation sentence in accordance with the statute." Dkt. 53 at 3 (citing 18 U.S.C. § 3585). Defendant asks that this Court try "to make his sentence consistent with sentences imposed on similarly situated offenders and to try to ameliorate the impact of the harsh sentence that the court was required to impose at the time of his original sentencing hearing." *Id.* Defendant argues that he "served a sentence that was approximately three times longer—more than 63 months

---

[1] It appears that in one brief Defendant argues he would have had an advisory guideline range of 30–37 months were the Fair Sentencing Act in effect when he was sentenced, while in another brief he argues that his range would have been 24–30 months. *Compare* Dkt. 56 at 5, *with* Dkt. 53 at 2–3. This Court would decline to exercise its discretion to reduce Defendant's sentence as he requests in his First Step Act Motion under either scenario.

more—than the sentence he would likely receive today due to drug laws that have been shown to have been more punitive than necessary and to have had a racially disparate impact." *Id.*

This Court finds Defendant's arguments unpersuasive and holds, considering the specific circumstances of his case, Defendant has not established that a reduction of his sentence is warranted pursuant to the First Step Act.

The practical import of Defendant's position is that, since he has overserved time on his original custodial sentence by 63 months, he should receive credit for those 63 months today, which can be applied against—and used to shorten—the sentence this Court imposed following Defendant's violation of the terms of supervised release. This Court recalls the public policy concerns articulated by the Fourth Circuit when it expressed—albeit in different circumstances— that "the availability of credit against sentences for future crimes would provide a sense of immunity and incentive to engage in criminal conduct." *Miller v. Cox*, 443 F.2d 1019, 1021 (4th Cir. 1971) (rejecting argument that time served on voided convictions should remain available to any valid sentence imposed upon the defendant for future criminal conduct).

This Court finds that similar public policy considerations, including the need to protect the public and the need for deterrence, counsel against allowing this Defendant or other defendants to "bank" time on an original sentence and seek to use that time as a basis for reduced incarceration on a revocation sentence. When a court imposes a term of supervised release, it is instructed to consider, among other things, "the need to afford adequate deterrence to criminal conduct," and the need "to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3583(c), 3553(a)(2)(B), (C). Accepting Defendant's argument "would undermine the purpose of supervised release," because it would impair a court's ability to sanction defendants for violating the terms of release. *See United States v. Smith*, No. 5:05-cr-30044, 2019 WL 3557886, at *3–4 (W.D. Va. Aug. 5, 2019) (Urbanski, C.J.), *appeal filed*, No. 19-7202 (4th Cir. Aug. 19, 2019). Indeed, "[i]t

has long been the court's policy … to avoid permitting criminal defendants to 'bank time' against any future supervised release violation as a result of a change in their sentence or the Sentencing Guidelines," because doing takes away the threat of punishment and thereby removes "the primary disincentive to criminal conduct." *United States v. Venable*, No. 4:97-cr-70070, 2019 WL 6337419, at *2 (W.D. Va. Nov. 26, 2019) (Kiser, J.). In addition, the rehabilitative goals of supervised release would also be undermined were this Court to allow defendants, like Reeves, to reduce sentences following revocation of supervised release due to previously overserved time. *See United States v. Johnson*, 529 U.S. 53, 59 (2000) ("The objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release.").[2] And, as the Government argues in its Notice of Supplemental Authority, revocation sentences are intended to sanction "the defendant's breach of trust." Dkt. 58 at 2 (citing U.S.S.G. ch. 7, pt. A, Introductory Comment n.3(b)). The Court concludes that, in this case, it would not be in the interests of justice to permit any overserved time on Defendant's original custodial sentence to offset and reduce the sanction imposed (his revocation sentence) for his subsequent breach of trust.

Against this precedent, this Court finds no authority (nor has Defendant cited any) that supports a discretionary reduction of a revocation sentence here. Indeed, in one case relied upon by Defendant presenting similar circumstances, the court "decline[d] to exercise its discretion to lower [the defendant]'s revocation sentence," because the defendant's revocation sentence did not

---

[2] *See also United States v. Elliott*, No. 5:02-cr-30031, 2019 WL 5381979, at *4 (W.D. Va. Oct. 16, 2019) (Urbanski, C.J.), *appeal filed*, No. 19-7627 (4th Cir. Nov. 1, 2019) (allowing prisoners to "bank" time on overserved sentences to offset terms of incarceration following revocation of supervised release "would provide a disincentive to obey the terms of supervised release").

exceed the lowered sentencing maximum of two years. *United States v. Wooters*, No. 09-cr-40013, 2019 WL 1897085, at *3 (S.D. Ill. Apr. 29, 2019).[3]

Defendant's particular violation of the terms of his supervised release weighs further still against his claim to a sentence reduction. While he was on supervised release, Defendant was found guilty of one charge of cocaine possession and three charges of cocaine distribution, thereby violating a mandatory condition of his supervised release. Dkt. 42. But Congress has provided revocation of supervised release is mandatory and imposition of a term of imprisonment shall be required when a defendant possesses a controlled substance in violation of the terms of supervised release. 18 U.S.C. § 3583(g)(1); *see also Smith*, 2019 WL 3557886, at *3. Allowing Defendant to bank time and shorten or avoid a revocation sentence under these circumstances would also undermine Congress's mandate in enacting § 3583(g)(1).

Also, significantly, Defendant does not argue that he is currently serving a revocation sentence in excess of a statutory maximum that has been subsequently reduced under the Fair Sentencing Act. *See United States v. Bailey*, No. 7:08-cr-00008, 2019 WL 6534157, at *2 (W.D. Va. Dec. 4, 2019) (holding reduction in revocation sentence was warranted from 36-months (prior statutory maximum) to the lower 24-month statutory maximum term resulting from the Fair Sentencing Act). Defendant argues that his original charge would now be a Class B felony rather than a Class A felony, but after the Fair Sentencing Act, a Class B felony still carries a maximum revocation sentence of 36 months. Defendant was sentenced to 24 months—under the post-Fair Sentencing Act statutory maximum. *See* Dkt. 56 at 5; Dkt. 42; *Venable*, 943 F.3d at 189, 193. To

---

[3] The one case Defendant cites where a court exercised its discretion to lower a sentence was one in which the Government withdrew its opposition to the defendant's motion for sentence reduction. Dkt. 56 at 5 (citing *United States v. Pettiford*, No. 5:08-cr-00220 (N.D.N.Y. Apr. 10, 2019)). The Government opposes a sentence reduction here. Dkt. 58, 55, 52.

be sure, Defendant's arguments are not without force that the statutory minimum and maximum and advisory guidelines range would have been lower had Defendant been sentenced under the Fair Sentencing Act's provisions. However, in this Court's view, Defendant's arguments in this respect are not enough to displace reasons articulated in *Smith*, *Elliott*, *Venable*, and *Wooters*, that counsel against permitting a defendant from applying any overserved time on an original custodial sentence toward a reduction in a revocation sentence.

This Court has weighed the relevant § 3553(a) factors here and finds particularly significant the need to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the Defendant. *See id.* §§ 3553(a)(2)(B), (C). This Court has considered Defendant's arguments and the Government's arguments and concludes that reducing Defendant's revocation sentence based on any overserved time in his original custodial sentence would undermine, rather than support, those sentencing considerations. Accordingly, while this Court is authorized to afford Defendant relief under the First Step Act as the Fourth Circuit held in *Venable*, this Court also concludes that Defendant has not shown he is entitled to a discretionary reduction of his sentence.

<u>Conclusion</u>

For the foregoing reasons, this Court will deny Defendant's First Step Act Motion in an accompanying Order, to follow.

Entered:  This __12th__ day of December, 2019.

Norman K. Moon
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE